United States District Court
Southern District of Texas
**ENTERED**
November 03, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MATTHEW ALLEN ARP,<br><br>*Plaintiff*,<br>VS.<br><br>CREALITY, INC.; PAYPAL, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; SYNCHRONY BANK; SHENZHEN CREALITY 3D TECHNOLOGY CO., LTD.;<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-5744 |

## ORDER

Pending before this Court are Plaintiff Matthew Allen Arp's ("Arp" or "Plaintiff") Motion for Limited Reconsideration and Clarification, (Doc. No. 85), and Defendant PayPal, Inc.'s ("PayPal") Motion to Dismiss Pursuant to Rule 12(b)(1). (Doc. No. 90). Plaintiff responded in opposition to PayPal's motion. (Doc. No. 93). After considering the motions and the law, the Court hereby **DENIES** Plaintiff's Motion for Limited Reconsideration and Clarification, (Doc. No. 85), and **GRANTS** PayPal's Motion to Dismiss. (Doc. No. 90).

### I. Factual Background

A more detailed factual summary of the allegations underlying this case can be found in the Court's October 8, 2026 order. (Doc. No. 83). In short, this lawsuit alleges that Experian and Synchrony violated the Fair Credit Reporting Act (FCRA), and that PayPal and "Other Appropriate Defendants" committed fraud/misrepresentation, and violated the Texas Deceptive Trade Practices Act (DTPA). The current live pleading is Plaintiff's First Amended Complaint. (Doc. No. 25).

The Court granted Defendants' Synchrony Bank ("Synchrony") and Experian Information Solutions' ("Experian") motions to dismiss for failure to state a claim for violation of the FCRA.

(Doc. No. 83). The Court, in that order, also denied Plaintiff leave to amend as futile. Plaintiff has now moved for reconsideration, arguing that his Proposed Second Amended Complaint—which had been filed along with a motion for leave to amend before the Court's order—alleged sufficient factual inaccuracies to survive a motion to dismiss. Additionally, PayPal has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that because the Court has dismissed all of Plaintiff's federal claims, it should decline to exercise its supplemental jurisdiction over the remaining state-law claims.

## II. Plaintiff's Motion for Reconsideration/Clarification

Plaintiff asks the Court to clarify whether its order denying leave to amend as futile reached certain aspects of Plaintiff's Proposed Second Amended Complaint that were not explicitly discussed in that order and—if it did—to reconsider that ruling. The Court's earlier order, (Doc. No. 83), considered Plaintiff's Proposed Second Amended Complaint (in its entirety) as failing to cure the legal deficiencies set out in that order, and denied leave to amend as futile on that basis. Plaintiff's request for reconsideration of that order is denied. That being the case, the Court will briefly address why each of the three allegations in Plaintiff's Proposed Second Amended Complaint—that Plaintiff argues would have allowed him to survive the motions to dismiss—are insufficient to do so as a matter of law.

First, Plaintiff notes a discrepancy of $14.08 between the amount that Synchrony credited his account for the partial refund he received from Creality ($945.12), and the amount that Creality stated as a refund in the "seller/buyer notes" ($959.20) section of the same documentation that provided Synchrony with the partial refund amount. Specifically, Plaintiff's Proposed Second Amended Complaint alleges that "a form in the packet [provided by Creality to Synchrony] identifies a $945.12 partial refund, while Seller/Buyer Notes in the same packet state, 'We

refunded [$]959.20.'" (Doc. No. 71–1 at 10). Under 15 U.S.C. § 1681s-2(b), Arp alleges, Synchrony had a duty to conduct a reasonable investigation in response to Plaintiff's dispute. 15 U.S.C. § 1681s-2(b). The fact that—as Plaintiff alleges—Synchrony performed an investigation and found that $945.12, which was provided to Synchrony by the merchant, was the correct figure is not enough to plausibly allege that Synchrony did not perform a reasonable investigation as required by 15 U.S.C. § 1681s-2(b).

Second, Plaintiff notes that one statement he received from Synchrony identified a $1529.54 charge, and broke that charge into principal, interest, and fees. Plaintiff alleges that whether the interest and fee amounts were accurate is objectively verifiable. (Doc. No. 71–1 at 12). He does not allege, however, that the fees or interest—which he alleges are objectively verifiable—are inaccurate. Instead, he continues to allege that the broader balance was inaccurate because of the underlying refund dispute, which this Court has already held is not objectively verifiable. (Doc. No. 83).

Third, Plaintiff points to a "March 2026 dispute trail." Apparently, after the filing of this suit, Synchrony provided additional documentation to Plaintiff which stated that Synchrony had found that Plaintiff's balance was incorrect, and made a correction of $2.48. As an initial matter, the Court notes that Plaintiff's Proposed Second Amended Complaint states that: "Plaintiff does not allege that this . . . is itself an FCRA violation." Instead, Plaintiff argues in his Motion for Reconsideration that this "supports a reasonable inference that the balance was subject to correction through objective account data." (Doc. No. 85 at 9). The fact that Plaintiff's balance was subject to a minor correction through objective account data does not suggest, however, that the entire balance is subject to "correction" in the same way. As set out in the Court's prior order on this issue, Plaintiff's allegations give this argument away: Plaintiff has filed suit alleging that

PayPal and Creality defrauded him, making the broader balance inaccurate. Here, too, the reasons that this is insufficient to state a claim under the FCRA are addressed in full in the Court's prior order. (Doc. No. 83). The Motion for Reconsideration is denied.

## III. PayPal's Motion to Dismiss

Following the Court's order dismissing Plaintiff's FCRA claims, PayPal has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that—in the absence of any federal claims—this Court lacks jurisdiction to adjudicate the remaining state-law claims.

### A. Legal Standard

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

**B. Analysis**

Title 28 U.S.C. § 1367 provides that where "the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). In this case, the Court's original jurisdiction was federal question jurisdiction based on 28 U.S.C. § 1331 and the FCRA. The Court has now dismissed Plaintiff's FCRA claims, leaving only state-law claims behind.

The general rule in the Fifth Circuit has long been "that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial . . . ." *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). When all of the federal-law claims are "eliminated at an early stage of the litigation, the district court has a powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011). In deciding whether to dismiss pendent state law claims, courts "look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs*, 641 F.3d at 159. The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In this case, factors two and three strongly weigh in favor of dismissal because all that remains in this case are state law claims. The fourth factor also weighs in favor of dismissal "as the heavy balance of the common law factors in favor of remand constitutes another compelling

reason to decline jurisdiction." *See Enochs*, 641 F.3d at 159. That being the case, this Court declines to continue to exercise its supplemental jurisdiction over the remaining state law claims.

### IV. Conclusion

For the foregoing reasons, PayPal's Motion to Dismiss, (Doc. No. 90), is **GRANTED**. Arp's remaining claims against PayPal and Creality are dismissed without prejudice.

It is so ordered.

Signed on this the 3rd day of November 2026.

Andrew S. Hanen
United States District Judge